**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Wright, | No. CV-19-05191-PHX-DJH (MTM) |
| Plaintiff, | **ORDER** |
| v. | |
| R. Rosales, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Exclude Plaintiff's Rebuttal Police Practices Expert (doc. 64). Defendants seek to prevent Plaintiff from introducing a report ("Expert Witness Report") prepared by expert witness Jesse M. Torrez, as Defendants argue Plaintiff improperly labeled Torrez as a rebuttal expert when his report indicates that he is more fairly construed as an initial expert that should have been disclosed earlier in the discovery process. (*Id*. at 1-2). However, because the Court concludes that Defendants were dilatory in seeking relief in this Court, the motion is denied.

**I.    Factual Background.**

Only a brief portion of the underlying facts are relevant to this matter. On June 29, 2020, the Court issued an Order (doc. 40) requiring Plaintiff to file initial expert disclosures by August 28, 2020 and rebuttal expert disclosures by November 3, 2020. (*Id*. at 1). The Order also set a deadline to conduct expert depositions by January 19, 2021, and a dispositive motion deadline of February 19, 2021. (*Id*. at 2).

//

According to Defendants, Plaintiff disclosed a medical expert witness on August 12, 2020 (Doc. 64-1, Ex. A at 3, 5). The disclosure listed no other expert witnesses. On November 3, 2020, after Defendants produced their expert witness disclosures, Plaintiff disclosed Jesse M. Torrez as a police practices expert. (Doc. 64-1, Ex. D at 3, 6). The Expert Witness Report was prepared on November 5, 2020 and disclosed at an unspecified date afterwards. (Doc. 64-5, Ex. E at 2).

Two months after Plaintiff disclosed Torrez' status as an expert witness in this case, Defendants Noticed Torrez' deposition on January 11, 2021. (Doc. 55). On January 20, 2021, Defendants filed an Amended Notice of Deposition as to Torrez. (Doc. 60). However, based on the representations made by Defendants in the instant motion, it does not appear that the deposition of Torrez ever took place. (*See* doc. 64 at 7).

On February 19, 2021, Defendants filed both the instant motion (doc. 64) and a Motion for Summary Judgment. (Doc. 65). Plaintiff responded to the instant motion on March 12, 2021 (doc. 74). On March 22, 2021, Defendants filed a Reply (doc. 75).

**II.   Analysis.**

Rule 37(c)(1) of the Federal Rules of Civil Procedure states that a party that "fails to provide information or identify a witness as required by Rule 26(a) or (e)" is not permitted to use that witness to "supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Failure to disclose expert witnesses falls within the ambit of Rule 37(c)(1), as expert witness disclosures are required under Fed. R. Civ. P. 26(a)(2). Courts are afforded wide latitude in issuing sanctions under Rule 37(c)(1). *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1245 (9th Cir. 2012).

The Court denies the motion, as Defendants unduly delayed raising the issue of the Expert Witness Report. A party may not unduly delay filing a discovery-related motion, even if the window to file a motion has not yet closed.[1] *V5 Tech. v. Switch, Ltd.*, 443 F.R.D. 356, 363 (D. Nev. 2019) ("Litigants cannot unduly delay filing a discovery motion with

---

[1] Because the initial January 22, 2020 Case Management Order (doc. 23) and the Court's June 29, 2020 extension order (doc. 40) did not set an express deadline for discovery-related motions, the Court assumes that the time to file discovery motions did not expire until the dispositive motion deadline.

impunity; the circumstances of a particular case may render untimely a discovery motion filed within the discovery period."). A discovery motion may be denied on timeliness grounds regardless of its underlying merit. *KST Data, Inc. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018).

By their own acknowledgment, Defendants were aware in November 2020 that Plaintiff disclosed the identity and opinions of their police practices expert. (Doc. 64 at 3). Plaintiff's Sixth Supplemental Mandatory Discovery Response identifying the expert was served on November 3, 2020 (doc. 64-4, Ex. D at 6), while the actual Expert Witness Report that is the subject of Defendants' motion was dated November 5, 2020. (Doc. 64-5, Ex. E at 2). Defendants therefore had more than three months to raise the issue of the propriety of the Expert Witness Report and waited until the day they filed their Motion for Summary Judgment to do so. Defendants offer no explanation for the three-month delay in seeking relief from this Court. Having delayed in filing a motion challenging the suitability of Plaintiff's expert, Defendants cannot now seek relief from this Court:

> There is no legitimate excuse for the plaintiffs having waited until the last day of discovery to have filed their motion. The plaintiffs knew from the outset what GAC's position was, and they had the option to do something about it. They cannot be heard to complain now about the conscious decision they made not to bring the matter to the court's attention.

*In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 337 (N.D. Ill. 2005). Defendants' motion is denied as untimely.

Defendants' arguments concerning the prejudice of considering the Expert Witness Report are unavailing. Plaintiff notes that "Defendants lost the opportunity to cross-examine Plaintiff with the aid of Plaintiff's expert report" due to Plaintiff's late disclosure. (Doc. 64 at 6). However, a party can move to conduct an additional deposition under Fed. R. Civ. P. 30(a)(2)(A)(ii), especially when the moving party did not previously have the opportunity to obtain otherwise discoverable information and the benefit of conducting the second deposition outweighs its burden. *Kleppinger v. Texas Dep't of Transp.*, 283 F.R.D. 330, 335-36 (S.D. Tex. 2012). Defendants did not even attempt to seek the Court's leave to conduct a second deposition of Plaintiff after receiving the Expert Witness Report.

Defendants did not lose an opportunity they chose not to obtain.

Additionally, Defendants have not demonstrated their deposition of Plaintiff was prejudiced by the late disclosure. Defendants merely insist that they "would have likely cross-examined Plaintiff in a way that incorporated [the Expert Witness Report]" (doc. 64 at 6) had the Expert Witness Report been disclosed earlier. However, Defendants do not identify what questions they would have asked or point to any portion of the deposition itself they assert would have been conducted differently had the Expert Witness Report been disclosed earlier. To exclude evidence from consideration by the trier of fact, the moving party is obligated to demonstrate prejudice. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 508 (9th Cir. 2000). Defendants have not made the requisite showing.

Next, Defendants suggest that Plaintiff "prejudiced the [Defendant] Officers' ability to prepare for their deposition testimony in that Plaintiff's decision to forego an expert at his initial deadline prevented the Officers from timely knowing all of the evidence and witnesses against them." (Doc. 64 at 7). However, prejudice requires more than a showing of a hypothetical harm that the deposition testimony offered by the Defendant Officers would have proceeded differently had the Expert Witness Report been produced earlier. *Cf. Joshua David Mellberg LLC v. Will*, 386 F. Supp. 3d 1098, 1108-09 (D. Ariz. 2019) (finding prejudice for late disclosure of an expert witness on damages where the "damages categories still required additional input" and where the opposing party "should have had the opportunity to conduct follow-up discovery.").

The Expert Witness Report discusses "law enforcement practices" and whether Defendants followed "standard Use of Force policies." (Doc. 64-5 at 4). It strains credulity to suggest that Defendants—all of whom are City of Mesa Police Department officers—would have testified meaningfully differently about their alleged use of force against Plaintiff had they been made aware earlier that Plaintiff would seek to introduce expert testimony regarding use of force by police officers generally.

//

Finally, Defendants state that "Plaintiff also prejudiced Defendants by causing them to forgo a deposition of Plaintiff's rebuttal expert, due to the improper and broad scope of Plaintiff's expert report." (Doc. 64 at 7). This point is not well taken; the Court extended the deadline to depose all expert witnesses to January 19, 2021, more than two months after the Expert Witness Report was disclosed. (Doc. 40 at 2). Moreover, the Court's records reflect that Defendants noticed a deposition of the expert challenged in this motion on January 11, 2021 (doc. 55), and again on January 20, 2021 (doc. 60). It was well within Defendants' power to depose Plaintiff's expert. And up until January 20, 2021, it appears Defendants had every intention of doing so. It is not the fault of Plaintiff that Defendants chose not to proceed.

### III. Conclusion.

Defendants were entitled to make a case that Plaintiff's rebuttal expert was improperly designated. However, Defendants sat on that case for more than three months before filing this motion, waiting until the last possible moment—the deadline to file dispositive motions—before seeking relief from this Court. Defendants' motion is denied.

**IT IS HEREBY ORDERED** that Defendants' Motion to Exclude Plaintiff's Rebuttal Police Practices Expert (doc. 64) is **denied**.

Dated this 23rd day of March, 2021.

Honorable Michael T. Morrissey
United States Magistrate Judge